### In re HEINSHEIMER.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. ATTORNEY AND CLIENT (§ 181*)—STATUTES—"CHARGING LIEN"—"RETAINING LIEN."

An attorney's charging lien, conferred by Judiciary Law (Consol. Laws 1909, c. 30) § 475, on the cause of action or any judgment obtained therein, into whosoever hands it may come, for the value of the attorney's services, is independent of and in addition to the attorney's common-law or retaining lien on the property of his client which may come into his possession in the course of his employment; the "retaining lien" being a general one for the balance of account between attor-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ney and client, while the "charging lien" is a specific one covering only the services rendered in the action in which the judgment is obtained.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 394–398; Dec. Dig. § 181.*

For other definitions, see Words and Phrases, vol. 2, pp. 1072, 1073; vol. 7, p. 6197.]

2. ATTORNEY AND CLIENT (§ 187*)—ATTORNEY'S LIEN—CHARGING LIEN—ASSIGNMENT—EFFECT.

A client's assignment for the benefit of creditors does not affect the charging lien of his attorney recovered in litigation for the client.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 407–417; Dec. Dig. § 187.*]

3. ATTORNEY AND CLIENT (§ 181*)—ATTORNEY'S FEES—CHARGING LIEN—RETAINER.

Where an attorney conducts a number of proceedings under a single contract and for a single fee, not apportionable among the various matters, he has a charging lien, conferred by Judiciary Law (Consol. Laws 1909, c. 30) § 475, on a judgment obtained in one of the cases for the amount of his fee.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 394–398; Dec. Dig. § 181.*]

Laughlin and Scott, JJ., dissenting.

Appeal from Special Term, New York County.

Petition by Norbert Heinsheimer to enforce an attorney's lien and for a reference as to the distribution of the proceeds of a judgment recovered in the case of Meyer v. Schulte. From an order granting the relief prayed, Anton H. Meyer, as assignee, etc., appeals. Affirmed.

See, also, 143 N. Y. Supp. 1121.

The opinion of Mr. Justice Page at Special Term is as follows:

On November 16, 1909, when the action of Meyer v. Schulte was commenced, the petitioner, Norbert Heinsheimer, Esq., was general counsel for the United States Restaurant & Realty Company under an annual retainer of $5,000, and prepared and conducted it together with various other matters under his contract as general counsel. On February 12, 1910, William F. McCombs, Esq., was made general counsel for the said company in his place, but the petitioner was thereafter retained as special counsel for the purpose of conducting the action, and he prosecuted it to judgment. The judgment for $4,176.64 which he obtained against the defendant was appealed to the Appellate Division and Court of Appeals and affirmed in both courts. On April 7, 1910, Anton H. Meyer qualified as assignee for the benefit of the creditors of the plaintiff, and later, while the appeal was pending in the Appellate Division, moved to be substituted as plaintiff and for the substitution of new counsel. The petitioner opposed the motions on the ground that he had a lien upon the papers and cause of action for a balance of $3,096.92 due and unpaid on account of the annual retainer of $5,000 up to February 12, 1910, and a further lien for his services subsequently rendered as special counsel in obtaining the judgment. The motion was granted, and William F. McCombs was substituted as attorney for the plaintiff, "all without prejudice to said Norbert Heinsheimer, Esq., taking steps which may be necessary to determine the existence of his lien herein, if any, and the value thereof." The defendant has paid the amount of the judgment into court, pursuant to an order herein, and this motion is made to determine the lien of the petitioner thereon.

[1] Under section 475 of the Judiciary Law, an attorney has a charging lien upon the cause of action or any judgment which may be obtained therein,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

into whosoever hands it may come, for the value of his services. This is independent of and in addition to his common-law or retaining lien upon any property of his client which may come into his possession in the course of his employment. The "retaining lien" is a general lien for the balance of account between attorney and client and covers services rendered in other matters not connected with the property which is in the attorney's possession. The "charging lien" which the attorney has by statute upon the cause of action and judgment is a specific lien and covers services rendered in the action in which the judgment is obtained. West v. Bacon, 13 App. Div. 371, 43 N. Y. Supp. 206; Williams v. Ingersoll, 89 N. Y. 508, at page 517; Goodrich v. McDonald, 112 N. Y. 157, at page 162, 19 N. E. 649.

[2] The assignment to Meyer for the benefit of creditors does not affect the lien of the attorney. Matter of Dunn, 205 N. Y. 398, 98 N. E. 914. There is no property of the plaintiff in the petitioner's possession upon which he can claim a retaining lien. His lien, if any, must therefore be a charging lien upon the judgment pursuant to section 475 of the Judiciary Law (Consol. Laws 1909, c. 30). There can be no doubt of his right to charge the judgment with the amount of the value of his services rendered in this action under his retainer as special counsel, but the petitioner seeks to go further and charge the judgment with the amount due and unpaid on account of his annual retainer as general counsel which covered the work done in this action and other matters as well.

[3] Were this balance regarded as a general balance of accounts between the plaintiff and his attorney, then the authorities are conclusive that no such lien exists in favor of the attorney (West v. Bacon, supra); but I find that the facts here shown present a novel question upon which no authorities have come to my attention, namely, whether an attorney who conducts a number of cases under a single contract for a single fee not apportionable among the various matters embraced within it has a lien upon a judgment obtained in any one of these cases for the amount of his fee. It is the well-settled law in the case of special liens other than attorneys' liens that the lien attaches to every piece of property embraced within a single contract. Wiles Laundry Co. v. Hahlo et al., 105 N. Y. 234, 11 N. E. 500, 59 Am. Rep. 496. Unless we apply the same rule to attorneys' liens, the result will be a complete loss of lien in the case of work done in conjunction with other work under a general retainer. There could be no lien for the reasonable value of each portion of work, because the contract governs the consideration to be paid the attorney, and he is not entitled to reasonable value except in the absence of special contract. There could be no lien for an apportionable part of the general retainer, because it is not apportionable among the various matters embraced within it. I am of the opinion that the Legislature never intended such a result, and that an attorney must be held in such a case to have a lien upon each judgment embraced within a single entire contract for the whole amount of his fee under his contract. To hold otherwise would allow the client to obtain the results of the valuable services of an attorney without compensating him. To prevent such a result this peculiar lien of the attorney has been devised. Goodrich v. McDonald, supra.

Under this ruling the petitioner is entitled to a lien upon the judgment in this action for the balance due him under his general retainer, and for the value of his later services as special counsel. The matter will be sent to a referee to determine the amount of the attorney's liens. Settle order on notice.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alexander Gordon, of New York City, for appellant.
Henry K. Heyman, of New York City, for respondent.

PER CURIAM.　Affirmed on opinion of Page, J., at Special Term.

SCOTT, J. (dissenting). I am constrained to dissent from the affirmance of the order appealed from because I can see no principle upon which the attorney can have a charging lien upon the judgment for the amount claimed to be due him upon his general retainer. That he is entitled to such a lien for the value of his services in procuring the judgment is not open to question, but as to the amount which had accrued under his annual employment before the appointment of the receiver he stands on the same footing as any other creditor. True, if when his general employment terminated he had had any of the bankrupt's papers in his hands, he might have claimed a possessory lien as to them and have held them until his claim was satisfied, but such a lien is incapable of foreclosure and never attached to anything not in actual possession of the attorney. In my opinion the order appealed from should be so modified as to provide only for the ascertainment of the value of the services of ˑthe petitioner in the action which resulted in the judgment.

LAUGHLIN, J., concurs.